# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIENNE HAUCK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   **Case No. CIV-20-390-G** |
| | ) |
| PUTNAM CITY INDEPENDENT | ) |
| SCHOOL DISTRICT I001, a.k.a. | ) |
| PUTNAM CITY SCHOOLS, | ) |
| | ) |
|    Defendant. | ) |

## ORDER

Now before the Court is the Partial Motion to Dismiss (Doc. No. 5) filed by Defendant Putnam City Independent School District I001, a/k/a Putnam City Schools. Plaintiff Adrienne Hauck has responded in opposition (Doc. No. 12) and Defendant has replied (Doc. No. 13). Additionally, Plaintiff has submitted a notice of a recent United States Supreme Court decision pertinent to this matter (Doc. No. 14). Having reviewed the parties' submissions and the relevant record, the Court makes its determination.

## BACKGROUND

Plaintiff, an assistant principal for a public school in Oklahoma, brings this action against her employer, alleging discriminatory and retaliatory conduct. Plaintiff asserts that Defendant failed to promote her to the position of principal on four separate occasions between 2017 and 2019, due to her gender, her sexual orientation, and her failure to conform to Defendant's gender stereotypes. *See* Pet. (Doc. No. 1-1) ¶¶ 7, 14, 27-32. Plaintiff brings claims of discrimination and retaliation under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101 et seq. *See id.* ¶¶ 27-32.

STANDARD OF DECISION

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Further, when a motion to dismiss makes "[a] facial attack on the complaint's allegations regarding subject matter jurisdiction," the Court must "accept the allegations as true." *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001).

DISCUSSION

In its Motion, Defendant argues that the applicable statute of limitations bars certain

2

of Plaintiff's Title VII claims, that Title VII does not support a claim for discrimination based on sexual orientation, and that Plaintiff's OADA claim is barred because she failed to comply with the notice requirements of the Oklahoma Governmental Tort Claims Act ("GTCA").

I.      *Title VII Claims Arising in 2017 and 2018*

Plaintiff alleges that Defendant declined to promote her to the position of principal in May 2017, March 2018, April 2019, and May 2019. *See* Pet. ¶¶ 14-21. In its Motion, Defendant seeks dismissal of Plaintiff's Title VII claim insofar as it is predicated on the promotion decisions in 2017 and 2018, arguing that Plaintiff failed to timely file a charge with the Equal Employment Opportunity Commission relating to the 2017 and 2018 decisions and that any claim arising from such decisions is now time barred. *See* Def.'s Mot. (Doc. No. 5) at 3-6.

Plaintiff states in her Response that her claims are limited to the promotion decisions of April 2019 and May 2019 and that the factual allegations concerning the earlier decisions were provided solely as background. *See* Pl.'s Resp. (Doc. No. 12) at 1-2. In view of Plaintiff's declaration that she is not asserting claims based upon the 2017 and 2018 promotion decisions, Defendant's request for dismissal is moot and shall be denied on that basis.

II.     *Title VII Claims of Discrimination Based on Sexual Orientation*

Citing *Medina v. Income Support Division*, 413 F.3d 1131 (10th Cir. 2005), Defendant contends that Plaintiff's Title VII claim based upon sexual orientation must be dismissed because sexual orientation is not a protected class under Title VII. *See* Def.'s

Mot. at 6-7.  Shortly after the parties completed their briefing on Defendant's Motion, the

United States Supreme Court decided *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020),

which holds that an employer who discriminates against an individual "simply for being

homosexual or transgender" violates Title VII.  *Id.* at 1737, 1747 (explaining that

"discrimination based on homosexuality or transgender status necessarily entails

discrimination based on sex"); *see also id.* at 1741 (noting that an employer who fires a

woman "because she is insufficiently feminine" fires the woman "in part because of sex").

Accordingly, Defendant has not shown that Plaintiff has failed to state a plausible claim

for relief under Title VII and is not entitled to dismissal of this claim pursuant to Rule

12(b)(6).

### III.     OADA Claim and the GTCA Notice Requirements

Defendant urges the Court to dismiss Plaintiff's OADA claim due to Plaintiff's

failure to comply with the notice requirements of the GTCA.  *See* Def.'s Mot. at 7-11.

Plaintiff responds that she did file a timely notice in compliance with the GTCA and could

demonstrate such compliance if permitted to amend her pleading.  *See* Pl.'s Resp. at 7.

Plaintiff also argues, however, that OADA claims are not torts for purposes of the GTCA

and are therefore not subject to its notice requirements.  *See id.* at 3-6.

In the GTCA, Oklahoma invokes sovereign immunity as to all tort claims against

"[t]he state, its political subdivisions, and all of their employees acting within the scope of

their employment" but then waives that immunity "to the extent and in the manner provided

in [that] Act."  Okla. Stat. tit. 51, § 152.1(A).  As a result, Oklahoma and its political

subdivisions—like the public school district that is the defendant here—are immune from

suit in tort unless the plaintiff's suit complies with the requirements of the GTCA. *See Tuffy's Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009) ("The GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort."). Among other restrictions, the GTCA requires that a plaintiff, prior to filing suit, present notice of the claim to the State or relevant political subdivision within one year of the date of loss and then, if the claim is denied, commence the action within 180 days after the denial. *See* Okla. Stat. tit. 51, §§ 156(B), 157(B).[1] This pre-suit notice "is a jurisdictional prerequisite." *Jones v. Indep. Sch. Dist. 89*, No. 19-797-R, 2019 WL 6917896, at *1 (W.D. Okla. Dec. 19, 2019); *see also* Def.'s Reply (Doc. No. 13) at 4.

The OADA, which prohibits unlawful discrimination in employment, contains its own pre-suit notice requirements. In *Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1309-10 (Okla. 1996), the Oklahoma Supreme Court held that when a discrimination claim is brought under the OADA against the State or a political subdivision of the State, the specific notice requirements in the OADA apply rather than the general notice requirements in the GTCA. That court explained that "state legislatures [must] provide civil rights protection equal to or greater than protection prescribed by federal law," and,

---

[1] The GTCA instructs: "Any person having a claim against the state or a political subdivision within the scope of [the GTCA] shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages."; "[N]ot withstanding any other provision of law, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs."; "A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs."; and "No action for any cause arising under [the GTCA] shall be maintained unless valid notice had been given and the action is commenced within one hundred eighty (180) days after the denial of the claim . . . ." Okla. Stat. tit. 51, §§ 156(A), (B), 157(B).

because the OADA's stated purpose was to implement policies commensurate with those of federal civil rights laws, the "specific two year limitation period contained in [the applicable provision of the OADA]" could not be curtailed by requiring the individual to comply with the general notice provisions of the GTCA, under which the individual would have less time to bring his or her action.  *Id.*

The decision in *Duncan* has been interpreted to mean that "an OADA claim is not a tort claim within the meaning of the GTCA."  *Bruehl v. Okla. ex rel. Okla. Indigent Def. Sys.*, No. CIV-13-1247-HE, 2014 WL 2879744, at *3-4 (W.D. Okla. June 24, 2014); *see also Wright v. KIPP Reach Acad. Charter Sch.*, No. CIV-10-989-D, 2011 WL 1752248, at *6 (W.D. Okla. May 6, 2011) (interpreting *Duncan* in dicta as having held that "the OADA's prohibition against handicap discrimination is not a tort claim subject to the GTCA, but is a statutory claim").  On this basis, judges of this court—including the undersigned—have held that OADA claims are not subject to the provisions of the GTCA. *See Ramirez v. Okla. ex rel. Bd. of Regents for Reg'l Univ. Sys. of Okla.*, No. CIV-20-845-G, 2021 WL 77471, at *3-4 (W.D. Okla. Jan. 8, 2021) (citing *Bruehl* with approval); *Cooper v. City of Alva*, No. CIV-19-148-G, 2019 WL 5653217, at *3 (W.D. Okla. Oct. 31, 2019) (same); *Hall v. Okla. Dep't of Rehab. Servs.*, No. CIV-17-497-D, 2018 WL 991543, at *7 n.8 (W.D. Okla. Feb. 20, 2018) (same).

Since *Duncan* was decided, the disability-discrimination provision of the OADA that was at issue in that case has been repealed, a cause of action for employment-based discrimination has been created under a separate section, and the stated purpose of the OADA has been amended such that it no longer expressly references federal civil rights

law.  *See* Okla. Stat. tit. 25, §§ 1101, 1350.  Further, it appears that, unlike with the

disability-discrimination provision at issue in *Duncan*, the "maximum time allowable to

bring an action for redress" under the specific notice provisions of the OADA is (at least

as relevant here) less than that allowed under the general notice provisions of the GTCA.

*Duncan*, 913 P.2d at 1306.  *Compare* Okla. Stat. tit. 25, § 1350(B)-(C), (I), *with id.* tit. 51,

§§ 156(B), 157(A)-(B).   Most significantly, the version of the GTCA considered in

*Duncan*  defined a tort in relevant part as "a legal wrong, independent of contract, involving

violation of a duty imposed by general law *or otherwise*."  *Id.* tit. 51, § 152(11) (1994)

(emphasis added); *see Duncan*, 913 P.2d at 1306 n.1.  The GTCA's definition of a tort was

subsequently amended to specifically include "a legal wrong, independent of contract,

involving violation of a duty imposed by general law, *statute*, . . . or otherwise."  Okla.

Stat. tit. 51, § 152(17) (emphasis added); *see also Franklin v. Okla. ex rel. Okla. Dep't of

Consumer Credit*, No. CIV-16-1103-D, 2017 WL 2259620, at *2 n.3 (W.D. Okla. May 19,

2017).  Accordingly, judges of this court have recognized the applicability of the GTCA

notice requirements to OADA claims.  *See, e.g.*, *Jones*, 2019 WL 6917896, at *1; *Childers

v. Bd. of Comm'rs of Okla. Cnty.*, No. CIV-19-460-F, 2019 WL 3069446, at *5 (W.D.

Okla. July 12, 2019); *see also Gilmore v. Indep. Sch. Dist. No. I-89*, No. CIV-17-1025-HE

(W.D. Okla. Nov. 9, 2017) (order finding OADA claims to be within the scope of the

GTCA due to post-*Duncan* amendment to the GTCA's definition of tort).

Despite its prior decisions in *Ramirez* and *Cooper*, the Court is persuaded of the

correctness of this later approach.  Because the Complaint does not plead facts that

establish compliance with the GTCA's notice requirements, Plaintiff's OADA claims are

subject to dismissal due to Defendant's immunity from suit under the GTCA.  Recognizing, however, Plaintiff's assertion that she has complied with the GTCA notice requirements and that an amendment to her pleading would demonstrate such compliance, the Court grants Plaintiff leave to submit an amended complaint.  *See* Pl.'s Resp. at 7; *see also U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

CONCLUSION

As set forth above, Defendant's Partial Motion to Dismiss (Doc. No. 5) is DENIED AS MOOT IN PART, DENIED IN PART, and GRANTED IN PART.

Plaintiff, within ten days of the date of this Order, shall file an amended complaint demonstrating the compliance of her claims under the Oklahoma Anti-Discrimination Act with the notice requirements of the Oklahoma Governmental Tort Claims Act.  Absent such a showing, the relevant claims will be dismissed without prejudice.  The amended complaint should not otherwise vary from the current pleading.

Plaintiff's associated Motions (Doc. Nos. 21, 30) are DENIED AS MOOT.

IT IS SO ORDERED this 24th day of August, 2022.

_____
CHARLES B. GOODWIN
United States District Judge